PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD NAPIER, | ) | |
| | ) | CASE NO. 4:12 CV 555 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| D. BOBBY, WARDEN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Ronald Napier filed this action against Defendants  Ohio State

Penitentiary (OSP) Warden D. Bobby, OSP Corrections Officer Dale Knowles, OSP Physician

Martin Escobar, OSP Registered Nurse Mary Ellen Lampunshansky, and "S.U.N.D.A."[1]  In his

Complaint  (ECF No. 5), Plaintiff alleges excessive force and deliberate indifference to his

serious medical needs.  He seeks monetary and injunctive relief.

## I.  Background

Plaintiff Ronald Napier is a state prisoner incarcerated at OSP in Youngstown, Ohio.  He

alleges that, on the morning of December 11, 2011, he was removed from his cell in the

segregation unit with his hands cuffed behind his back.  Plaintiff asserts Defendant Knowles

patted him down and then assaulted him despite the fact that Plaintiff was "fully cuffed" and had

a "tow-cable" attached to the cuffs behind his back.  ECF No. 5 at 5.  Specifically, Plaintiff

---

[1]     Plaintiff does not explain what the initials "S.U.N.D.A." refer to or otherwise identify this
Defendant.

(4:12cv555)

maintains Defendant Knowles "used his leg to sweep my feet from under me, took his right arm

and elbow at the base of my neck and back of right shoulder, simultaneously, slammed me face

first onto the concrete floor." ECF No. 5 at 5.  Plaintiff states he did nothing to provoke this

assault.  ECF No. 5 at 5.

Plaintiff maintains he sustained the following physical injuries as a result of Defendant

Knowles' alleged  assault: "top and bottom lip lacerations, deep cuts from teeth having been

slammed into them by concrete floor . . . , black eye (under left eye), also large bump over left

eye (bleeding), also severe neck and shoulder disc and muscle injuries/pain, also concussion

sustained/severe continuing headaches, also front-top tooth knocked out/loose (has to be

replaced/dangling loose)." ECF No. 5 at 6.  He also asserts he suffers from post-traumatic stress

as a result of this incident and experiences paranoia, nightmares, and insomnia.  ECF No. 5 at 6.

Shortly after this alleged incident, Plaintiff was taken to the infirmary and examined by

Nurse Gurlik.  ECF No. 5 at 5.  He states he was not seen by a doctor until three days later on

December 14, 2011, when he was examined by Defendant Escobar.  ECF No. 5 at 7.  It is unclear

from the Complaint, but it appears Plaintiff is asserting Defendant Escobar failed to provide him

with pain relief.  ECF No. 5 at 7.  He maintains he was seen again by Defendant Escobar on

December 19, 2011 with "the same results." ECF No. 5 at 7.  Plaintiff asserts that he has made

"several pleas" to Defendant Escobar to be re-examined for his severe headaches and

neck/shoulder pain but has been denied both "adequate effective pain medication and . . .

transfer/referral for further exam and/or cat scan, M.R.I./ EEG." ECF No. 5 at 7.  He further

states that Defendant Escobar has repeatedly spoken to him in a sarcastic and disrespectful

2

(4:12cv555)

manner.

According to documentation attached to the Complaint, Plaintiff filed a Notification of

Grievance on January 3, 2012.  Therein, Plaintiff claimed he had received inadequate medical

care for his injuries stemming from Defendant Knowles' alleged excessive use of force.  The

Institutional Inspector denied Plaintiff's Grievance, noting that (1) x-rays of Plaintiff's right

shoulder, facial bones, and skull were all negative, and (2) Plaintiff was seen by an eye doctor on

December 20, 2011 and nothing abnormal was detected.  ECF No. 5 at 9.

Plaintiff then appealed to the Chief Inspector.  In the Chief Inspector's Decision denying

Plaintiff's appeal, the Inspector noted that:

> On 12-11-11 you were seen at cell front for Nurse Sick Call but were verbally
> abusive to the Nurse who left due to your inappropriate behavior. The Nurse returned
> within 10 minutes and you were seen due to complaints of "chest pain."  There was
> no chest pain when the nurse returned, but a medical exam was completed due to
> facial injuries you received from a use of force.  You were admitted to the infirmary
> the same day to monitor you for your complaint of head injuries.  X-rays were done
> that same day of your right shoulder, facial bones and skull; all of which were
> negative. You were returned to the block on 12-14-11.  You saw Dr. Escobar on 12-
> 19-11 related to headaches and right shoulder pain.  You were placed on constant
> watch at 7 p.m. that day. You saw the optometrist on 12-20-11 and nothing abnormal
> was noted. The plan was "no changes needed; eyes are healthy; no perforating eye
> injuries."  You were released from watch after being seen by the optometrist. . . .
> You were prescribed Mobic again on 12-20-11 related to "lumbar arthritis;" which
> was discontinued on 1-9-12, when the order was changed to Tylenol with Zantac.
> Indocin was added on 1-12-12 in addition to Hytrin for BPH. Your concerns were
> evaluated, testing was completed and treatment ordered from the physician related
> to his clinical judgment. See Nurse Sick Call for further concerns.

ECF No. 5 at 9-10.

Plaintiff filed the instant Complaint on February 27, 2012 in the United States District

Court for the Southern District of Ohio.  The case was transferred to this Court on March 6,

3

(4:12cv555)

2012.  ECF No. 3.  Construed liberally, the Complaint alleges excessive force and deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.  Plaintiff seeks monetary damages in the amount of $20,000,000 and unspecified injunctive relief.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but

---

[2]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

(4:12cv555)

must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,*

*129 S.Ct. at 1949*.  A pleading that offers legal conclusions or a simple recitation of the elements

of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the

Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean*

*Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir.1998)*.

### III.  LAW AND ANALYSIS

### A.    **Proper Parties and Claims**

In his Complaint, Plaintiff asserts causes of action against Defendants Bobby, Knowles,

Escobar, and Lampunshansky in both their official and individual capacities.  ECF No. 5 at 1, 4.

The Court will address each of these types of claims, in turn.

### 1.    **Official Capacity Claims**

The Supreme Court has held that "a suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office." *Will v.*

*Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)*.  *See also Grinter v. Knight, 532 F.3d 567,*

*572 (6th Cir. 2008)*.  As Defendants Bobby, Knowles, Escobar, and Lampunshansky are

employed by OSP and, thus, are state employees, Plaintiff's official capacity claims against these

Defendants are construed against the State of Ohio.

The Eleventh Amendment[3] bars suits brought in federal court against a state and its

---

[3]    The Eleventh Amendment states that "[t]he Judicial power of the United States shall not
be construed to extend to any suit in law or equity, commenced or prosecuted against one of the
United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S.
CONST., AMEND. XI.  The Supreme Court has interpreted this Amendment as granting states
broad sovereign immunity from federal suits filed by their own citizens as well as citizens of

5

(4:12cv555)

agencies unless the state has waived its sovereign immunity or consented to be sued in federal court.  *See Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").  There are some exceptions to the immunity recognized by the Eleventh Amendment. A plaintiff may sue a State for damages in federal court when a State expressly consents to suit, or if the case concerns a federal statute that was passed by Congress pursuant to Section 5 of the Fourteenth Amendment and expresses a clear congressional intent to abrogate sovereign immunity.  *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55 (1996); *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

With respect to the instant case, the State of Ohio has not waived sovereign immunity in federal court. *See Mixon*, 193 F.3d at 397.  In addition, the Supreme Court has held that the federal statute at issue in this case, 42 U.S.C. § 1983, was not intended to abrogate the States' Eleventh Amendment immunity.[4]  *See Will*, 491 U.S. at 66-67; *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979).  Because the Eleventh Amendment bars suits for monetary damages against state employees sued in their official capacities, Plaintiff's official capacity claims against Defendants Bobby, Knowles, Escobar and Lampunshansky for monetary damages are dismissed for failure to state a claim upon which relief may be granted pursuant to § 1915(e).

Furthermore, the Supreme Court has held that a state, its agencies, and its officials sued in

other states.  *See Pennshurst State School & Hospital v. Halderman*, 465 U.S. 89, 120-21 (1984).

[4] Plaintiff does not specifically invoke § 1983 in the Complaint. However, as no other statutory provision appears to present even an arguably viable vehicle for the assertion of Plaintiff's constitutional claims, the Court construes them as arising under § 1983.

(4:12cv555)

their official capacities for monetary damages are not considered "persons" for purposes of a § 1983 claim.  *See Will*, 491 U.S. at 71.  Consequently, even aside from the issue of sovereign immunity under the Eleventh Amendment, Plaintiff fails to state claims for monetary damages against these Defendants pursuant to § 1983.

Accordingly, Plaintiff's official capacity claims against Defendants Bobby, Knowles, Escobar, and Lampunshansky are dismissed pursuant to § 1915(e).

### 2.      Individual Capacity Claims

To state a claim against Defendant Bobby in his individual capacity, Plaintiff must allege that he engaged in the conduct giving rise to the claim. The only mention of Defendant Bobby in the Complaint is Plaintiff's assertion that "[w]hen Plaintiff informed Warden D. Bobby [about Defendant Escobar's "repeated unprofessional acts"], Plaintiff was told to contact the [Health Care Administrator]."  ECF No. 5 at 7.  A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The Complaint's sole mention of Defendant Bobby is insufficient to establish that he was personally involved in the activities forming the basis of Plaintiff's constitutional claims.

To the extent Plaintiff is suing Defendant Bobby because he supervises other individuals who Plaintiff claims violated his constitutional rights, this claim must fail as well.  "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act."  *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).  Rather, "'[a]t a minimum, a §

(4:12cv555)

1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or

knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Grinter,*

*532 F.3d at 575* (quoting *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)).  Plaintiff herein

has not alleged sufficient facts suggesting that Defendant Bobby authorized, approved, or

knowingly acquiesced in the alleged constitutional violations that form the basis of the

Complaint.  Accordingly, Plaintiff's individual capacity claims against Defendant Bobby are

dismissed pursuant to § 1915(e).

> **3.      Claims against Defendant "S.U.N.D.A."**

Plaintiff names "S.U.N.D.A." as a Defendant in the instant action.  He does not, however,

identify who or what this Defendant is or explain how he believes this Defendant allegedly

violated his constitutional rights.  In the absence of any allegations identifying this Defendant or

explaining the basis of his claims against it, the Court finds Plaintiff's claims against Defendant

S.U.N.D.A. are dismissed for failure to state a claim upon which relief may be granted pursuant

to § 1915(e).

In light of the above, the Court finds the only potential claims remaining in the Complaint

are Plaintiff's individual capacity claims against Defendants Knowles, Escobar, and

Lampunshansky alleging excessive force and denial of appropriate medical care.  The Court will

now consider the merits of those claims.

> **B.      Excessive Force**

Plaintiff alleges Defendant Knowles used excessive force when he swept Plaintiff's feet

out from under him and "slammed [him] face first onto the concrete floor."  ECF No. 5 at 5.

8

(4:12cv555)

Plaintiff maintains this assault was unprovoked and, further, that the degree of force used was unnecessary given that he was already handcuffed.

The Eighth Amendment prohibition on cruel and unusual punishment proscribes the "unnecessary and wanton infliction of pain" against prisoners. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). *See also Whitley v. Albers*, 475 U.S. 312, 319 (1986). The "core judicial inquiry" in determining whether a prison official's alleged conduct constitutes excessive force in violation of the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, — U.S. —, 130 S.Ct. 1175, 1178 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Relevant factors in this analysis include the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury actually inflicted, the threat reasonably perceived by the prison officials, and any efforts made to temper the severity of the forceful response. *See Whitley*, 475 U.S. at 321; *Hudson*, 503 U.S. at 7; *Richmond v. Settles*, 2011 WL 6005197 at ** 4 (6th Cir. Dec. 2, 2011).

The Supreme Court has noted that not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. Prison officials may often be required to use physical contact to insure prison security. *Id*. at 9. Moreover, the Eighth Amendment's "prohibition of 'cruel and unusual punishments' necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9-10 (quoting *Whitley*, 475 U.S. at 327). Instead, the physical contact will rise to the level of an Eighth Amendment violation only if the

9

(4:12cv555)

contact represents an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Generally, if the force applied is grossly disproportionate to the offense committed by the prisoner, a plaintiff states a cause of action for use of excessive force. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981).

Plaintiff alleges Defendant Knowles first handcuffed him and then "unprovokedly. . . used his leg to sweep my feet from under me, took his right arm and elbow at the base of my neck and back of right shoulder, simultaneously, slammed me face first onto the concrete floor." ECF No. 5 at 5. He contends he sustained severe injuries from this assault, including lacerations to his upper and lower lips, bruising and swelling around his left eye, damage to his front tooth, injuries to his neck and shoulder muscles, and severe headaches. ECF No. 5 at 6. He maintains he continues to suffer severe pain in his head, neck, and shoulder. ECF No. 5 at 7. Documentation attached to his Complaint indicates Plaintiff's injuries from this alleged assault necessitated medical attention, including x-rays of his shoulder, facial bones, and skull, as well as an examination by an optometrist. ECF No. 5 at 9.

On the face of the Complaint, the Court finds these allegations meet the pleading standards of Fed. R. Civ. P. 8 to state a plausible claim for use of excessive force in violation of the Eighth Amendment. Accordingly, this claim will be permitted to proceed for further development against Defendant Knowles in his individual capacity.

**C.**     **Denial of Medical Care**

10

(4:12cv555)

Plaintiff claims Defendants Escobar and Lampunshansky[5] were deliberately indifferent to his serious medical needs because they failed to provide prompt and adequate medical care for injuries he sustained as a result of Defendant Knowles' alleged excessive use of force. Specifically, Plaintiff maintains he was not seen by a doctor until three days after the alleged assault and has not been provided with adequate pain medication. He further states Defendants failed to refer him for further examination and/or additional testing such as a CAT Scan, MRI, or EEG. Finally, he alleges that "due to lack of stitches to my upper/bottom lips, they did not heal correctly and they remain numb from nerve-damage and muscles contorting in the top lip to heal." ECF No. 5 at 6.

The Eighth Amendment prohibits prison officials from "unnecessarily and wantonly inflicting pain" on prisoners by acting with "deliberate indifference" to prisoners' serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Failure to provide medical care may rise to the level of a violation of the cruel and unusual punishment clause of the Eighth Amendment where objective and subjective requirements are met. *Harrison v. Ash*, 539 F.3d 510, 517-18 (6th Cir. 2008).

To satisfy the objective component, the injury must be sufficiently serious. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (stating that Eighth Amendment is implicated by the "unnecessary and wanton infliction of pain" and not "inadvertent failure to provide adequate

---

[5] In the Complaint, Plaintiff states Defendant Lampunshansky is a Registered Nurse. The documentation attached to the Complaint suggests she is OSP's Health Care Administrator or "HCA." Plaintiff's only allegations against Defendant Lampunshansky appear to be that he notified her of Defendant Escobar's alleged deliberate indifference and she did not adequately respond. ECF No. 5 at 7.

(4:12cv555)

medical care"); *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005) (requiring that the prisoner demonstrate more than "mere discomfort or inconvenience").  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Blackmore,* 390 F.3d at 897.  *See also Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety.  *Wilson*, 501 U.S. at 302-03.  Deliberate indifference "entails something more than mere negligence."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care.  *Id.* at 834.  This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)).

Under this standard, allegations of medical malpractice or negligent diagnosis or treatment  fail to state an Eighth Amendment claim.  *See Estelle*, 429 U.S. at 106; *Brock v. Crall*, 2001 WL 468169 at **2 (6th Cir. April 27, 2001).  As the Sixth Circuit has explained, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  Accordingly, a difference of opinion between a prisoner and a doctor over

12

(4:12cv555)

diagnosis or treatment fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need.  *See Estelle*, 429 U.S. at 107; *Westlake*, 537 F.2d at 860 n. 5; *Lee v. Baker*, 1999 WL 282652 at * 1 (6th Cir. April 30, 1999).

While Plaintiff may have alleged facts satisfying the objective component of the above standard, the Court finds he has failed to allege that Defendants Escobar and Lampunshansky were "deliberately indifferent," i.e. that they knowingly disregarded an excessive risk to his health or safety.  The Complaint indicates Plaintiff did receive medical treatment for his injuries.  Specifically, Plaintiff states he was taken to the infirmary after the alleged incident with Defendant Knowles and examined by a nurse, and thereafter examined by Defendant Escobar on December 14 and 19, 2011.  ECF No. 5 at 5, 7.  The documentation attached to the Complaint indicates that, on the day of Defendant Knowles' alleged use of excessive force, x-rays were taken of Plaintiff's shoulder, facial bones, and skull, all of which were negative.  ECF No. 5 at 9.  When Plaintiff complained of headaches and shoulder pain several days later, he was placed on constant watch and seen by an optometrist.  ECF No. 5 at 9.  The optometrist found nothing abnormal.  ECF No. 5 at 9.  Plaintiff was thereafter prescribed several medications, including Mobic, Tylenol with Zantac, Indocin, and Hytrin.  ECF No. 5 at 9.

Plaintiff alleges Defendants were deliberately indifferent because they failed to  provide more effective pain relief, treat his lip lacerations with stitches, or refer him for  a CAT Scan, MRI and/or EEG.  However, "[t]he question whether . . . additional forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment."  *Estelle*, 429 U.S.

(4:12cv555)

at 107.  Here, Defendant Escobar examined Plaintiff on two occasions, ordered X-rays, arranged

for Plaintiff to be seen by an optometrist, and prescribed numerous medications to relieve

Plaintiff's symptoms.  While Plaintiff believes additional measures should have been taken, this

type of claim is essentially a negligence or medical malpractice claim and does not set forth

allegations that Defendants were deliberately indifferent to his medical needs within the meaning

of the Eighth Amendment.  *See e.g., Brock v. Crall*, 2001 WL 468169 at ** 2 (6th Cir. April 27,

2001) ("Brock's essential disagreement with and dispute over the diagnosis and treatment he

received, however, is insufficient to establish a violation of the Eighth Amendment"); *Lee v.*

*Baker*, 1999 WL 282652 at * 2 (6th Cir. April 30, 1999) ("Lee's essential disagreement with the

medical treatment which he received is insufficient to establish a violation of the Eighth

Amendment").  There is nothing in the Complaint indicating that either Defendant Escobar or

Defendant Lamprunshansky were aware of and disregarded an excessive risk to Plaintiff's health

or safety.

Accordingly, the Court finds Plaintiff has failed to state a claim against Defendants

Escobar or Lamprunshansky for deliberate indifference to his serious medical needs in violation

of the Eighth Amendment.

## IV.  Conclusion

Accordingly, Plaintiff's claims against Defendants Bobby, Escobar, Lamprunshansky and

S.U.N.D.A. are dismissed pursuant to 28 U.S.C. § 1915(e).  Plaintiff's claims against Defendant

Knowles in his official capacity are also dismissed.  The Court certifies, pursuant to 28 U.S.C. §

(4:12cv555)

1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]  This action shall

proceed solely on Plaintiff's Eighth Amendment excessive force claim against Defendant

Knowles in his individual capacity.  The Clerk's Office is directed to forward the appropriate

documents to the U.S. Marshal for service of process and shall include a copy of this Order in the

documents to be served upon Defendant Knowles.

        IT IS SO ORDERED.

 July 16, 2012                                     /s/ Benita Y. Pearson            
Date                                           Benita Y. Pearson
                                            United States District Judge

---

[6] 28 U.S.C. § 1915(a)(3) provides that: "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

15