UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD A. NAPIER, ) | CASE NO. 4:12CV555 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE GEORGE J. |
| ) | LIMBERT |
| v. ) | |
| ) | MEMORANDUM OPINION AND |
| D. BOBBY, et al., ) | ORDER |
| ) | |
| Defendants. ) | |

This matter is before the Court on the motion for summary judgment filed on behalf of Plaintiff, Ronald A. Napier, a prisoner incarcerated at Ohio State Penitentiary ("OSP") acting *pro se*, on February 22, 2013.  ECF Dkt. #35.  On March 19, 2013, the sole remaining defendant in this case, Dale Knowles ("Defendant"), a corrections officer at OSP, filed a cross motion for summary judgment.  ECF Dkt. #36.  Defendant filed an addendum/supplement to his cross motion for summary judgment on July 29, 2013. ECF Dkt. #48.  Although no reply brief was filed, Plaintiff wrote a letter[1] to the Court, which was docketed on August 6, 2013.  ECF Dkt. #49.

In this 42 U.S.C. §1983 action, Plaintiff contends that Defendant engaged in excessive force in violation of Plaintiff's Eighth Amendment rights.  For the following reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted, in part, as it relates to Plaintiff's failure to exhaust his administrative remedies prior to the commencement of this case.

## I. FACTS AND PROCEDURAL HISTORY

On February 27, 2012, Plaintiff filed this civil rights action against Defendant, OSP Warden D. Bobby, OSP Physician Martin Escobar, OSP Registered Nurse Mary Ellen Lampunshansky, and

---

[1] Plaintiff's letter requests guidance on re-filing his claim. However, the Court cannot provide legal advice or assist Plaintiff in the refiling of his claim.

"S.U.N.D.A." ECF Dkt. #5. Plaintiff sued the defendants in both their individual and official capacities. On July 16, 2012, the Court dismissed Plaintiff's claims against Bobby, Escobar, Lamprunshansky, and S.U.N.D.A. pursuant to 28 U.S.C. §1915(e). *See* ECF Dkt. #10. Plaintiff's claim against Defendant in his official capacity was also dismissed. *Id.* Accordingly, the only issue before the Court is Plaintiff's individual capacity claim against Defendant. *Id.*

In his Complaint, Plaintiff alleges that on December 11, 2011, he was removed from his cell in the segregation unit, with his hands cuffed behind his back, and patted down by Defendant. Complaint at 5. Plaintiff alleges that after he exited the cell, Defendant "unprovokedly" utilized excessive force when he "(used his leg to 'sweep' [Plaintiff's] feet from under [Plaintiff]), took his right arm and elbow at the base of [Plaintiff's] neck and back of (right) shoulder, 'simultaneously,' [and] 'slammed' [Plaintiff] face first onto the 'concrete' floor. . . ." *Id.*

Plaintiff maintains that, as a result of Defendant's alleged use of excessive force, Plaintiff sustained top and bottom lip lacerations, a black eye, swelling over his left eye, severe neck and shoulder discoloration, muscle injuries to his neck and shoulder, a concussion, continuing headaches, post-traumatic stress, nightmares, nerve damage to his lips, and the loss of a front tooth. Complaint at 6.

On February 22, 2013, Plaintiff filed a motion for summary judgment restating his factual allegations. Plaintiff seeks relief in the form of the "maximum amount" of monetary damages allowed, and release from prison or a court order preventing OSP officials from further "assaultive misconduct/offense(s) against [Plaintiff]." Motion for Summary Judgment at 17-19.

On March 19, 2013, Defendant filed a cross motion for summary judgment. ECF Dkt. #36. In the motion, Defendant states that an investigation by the OSP "Use of Force Committee" concluded that the force used by Defendant against Plaintiff was justified and that there was no evidence of excessive force. *Id.* at 3. Defendant maintains that his use of force was justified because Plaintiff jerked away and turned toward Defendant while they were exiting the cell. *Id.* at 6. Defendant argues that "the act of taking down an inmate who is not following order [sic] would

hardly constitute malicious conduct 'for the very purpose of causing harm,' which is necessary to demonstrate a constitutional violation." *Id.* at 7.  In addition, Defendant argues that he is protected by qualified immunity because he was performing a discretionary function and his action is not such that a reasonable official performing that action would understand that he is violating a constitutional right. *Id.* at 7. Defendant maintains that no case law exists that holds that prison officials cannot use reasonable force to maintain security and discipline. *Id.* at 8.

On July 29, 2013, Defendant filed an addendum/supplement to his cross motion for summary judgment. ECF Dkt. #48.  In the addendum, Defendant alleges that Plaintiff's failure to exhaust his available administrative remedies prior to filing this action requires dismissal of the case without prejudice.  Defendant maintains that the PLRA requires that a prisoner fully exhaust his or her administrative remedies before filing an action, and thus the Plaintiff's claim must be dismissed. *Id.* at 5.

## II.    STANDARD OF REVIEW

Summary judgment should be granted "where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions, and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Johnson v. Karnes*, 398 F.3d 868, 870-873 (6th Cir. 2005). The Court must decide, "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986).

A party seeking summary judgment bears the initial burden and must inform the court of the basis for its motion.  *Celotex*, 477 U.S. at 323.  Further, the moving party must identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" which demonstrate the absence of a genuine issue of material fact. *Id.* The

3

moving party must make a showing that no reasonable jury could find other than for the moving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

Once the moving party satisfies its burden, the nonmoving party must demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993); see *Matisushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must present "some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy St. Corp.*, 822 F.2d at 1435, see *First Nat'l Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 288-290 (1968).

### III. EXHAUSTION

#### A. PRISON LITIGATION REFORM ACT ("PLRA") REQUIREMENTS

The PLRA provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983, or any other federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as available are exhausted.

42 U.S.C.A. § 1997e(a).

In order to address the large number of prisoner complaints filed in federal courts, the PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 911 (2007). Exhaustion is mandatory in all actions brought with respect to prison conditions, rather than only §1983 suits. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984 (2002). The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances, particular circumstances, excessive force, or some other wrong. *Id.* at 532.

The exhaustion requirement is intended to give the agency a fair and full opportunity to adjudicate claims against it by parties who do not want to go through administrative channels. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2385 (2006). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the

deadlines and other applicable procedural rules established by state law. *Jones* at 218-19. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford* at 90; see also *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir.2009).

### B.  OSP ADMINISTRATIVE REMEDIES

The inmate grievance procedure at the OSP is comprised of three consecutive steps. Ohio Admin. Code 5120-9-31(K).  Step one is the submittal of an informal complaint to the direct supervisor of the staff member or department most responsible for the subject matter concerning the inmate. ECF Dkt. #48-1, Declaration of Antonio Lee, Assistant Chief Inspector, Chief Inspector's Office of the Ohio Department of Rehabilitation and Correction ("ODRC") at ¶4.

If the inmate is not satisfied with the results of the informal complaint, the inmate must proceed to step two by filing a formal grievance. *Id.* at ¶5. The inspector will investigate the complaint and issue a formal response. *Id.*

If the inmate is still dissatisfied after receiving the inspector's response, the inmate must proceed to the third step, an appeal to the Office of the Chief Inspector of ODRC. *Id.* at ¶6. An inmate does not exhaust his or her available administrative remedies under Ohio Admin. Code 5120-9-31 until the inmate has received a decision on the appeal to the Office of the Chief inspector. *Id.* at ¶7.

### C.  PLAINTIFF'S GRIEVANCE HISTORY

Plaintiff filed a total of four informal complaints regarding Defendant's alleged conduct. The first informal complaint was filed on December 14, 2011. ECF Dkt. #48-1, Attachments to Lee Decl. at 4.  On December 15, 2011, Plaintiff filed a second informal complaint.  *Id.* at 5. The third and fourth informal complaints were filed on December 18, 2011. *Id.* at 6-7.

Plaintiff filed two formal grievances regarding Defendant's alleged conduct.  On December 27, 2011, Plaintiff filed the first formal grievance.  This grievance was denied on January 24, 2012. *Id.* at 10.  The second formal grievance was filed on January 3, 2012. *Id.* at 11. This grievance was denied on January 26, 2012. *Id.* at 13.

Plaintiff filed two appeals on January 29, 2012. *Id.* at 14, 16. Plaintiff's Appeals to the Chief Inspector were received by the Chief Inspector's Office on February 1, 2012. Lee Decl. at ¶10. Under the grievance procedure, the Chief Inspector's Office had thirty days, that is, until March 2, 2012, to respond. *Id.* The Chief Inspector affirmed the previous decisions regarding both appeals on May 16, 2012 and May 17, 2012. *Id.* at 15, 17. Plaintiff filed the complaint in the case at bar on February 27, 2012. As a consequence, the complaint was filed prior to receipt of the decisions on Plaintiff's appeals, and prior to the expiration of the thirty-day deadline for the response from the Chief Inspector's Office.

### D.     ANALYSIS

42 U.S.C. §1997(e) provides a clear mandate which requires exhaustion of administrative remedies prior to filing suit in federal court. *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *2 (6th Cir. 1998); See also *Perez v. Wisonsin Dept. of Corrections*, 182 F.3d 532, 534-535 (7th Cir. 1999)(Congress wrote the statute making exhaustion a precondition to suit). A suit is "brought" under 42 U.S.C. § 1997e(a) when a prisoner tends his §1983 complaint to the clerk. *Faulkner v. Osbourne*, No. 3:11-CV-154, 2012 WL 902973, at *4 (E.D. Tenn. 2012) (quoting *Hayes v. Allgood*, No. 3:07-0130, 2008 WL 413626, at *3 (M.D. Tenn. 2008)).

Grievances not resolved prior to the filing of a complaint are unexhausted. *Id.* Even when the plaintiff has made some attempts to go through the prison's grievance procedures, the plaintiff's complaint must be dismissed if his complaint is filed before the completion of the administrative process. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). A prisoner may not exhaust administrative remedies during the pendency of the federal suit. *Id.*

Turning to the case at bar, Plaintiff might argue that the Chief Inspector's Office did not respond to his appeals in a timely manner, and, therefore, he should not have been required to wait for untimely responses before filing his complaint. The Sixth Circuit has held that the exhaustion requirement should not operate as an absolute bar to an inmate's claim "where prison administrators prevent or altogether refuse to review the allegations on which the claim is based." *Wyatt v.*

*Leonard*, 193 F.3d 876, 879 (6th Cir.1999). However, Plaintiff filed his complaint before the expiration of the thirty-day response period allotted to the Chief Inspector's Office.

District courts in the Sixth Circuit have considered the effect of an inmate's failure to wait until the expiration of the institution's response time before commencing suit, and have concluded that the inmate's case must be dismissed. For instance, in *Wayne v. Perry*, No. 2:07-cv-62, 2008 WL 783572, at *1 (W.D. Mich. 2008), the plaintiff failed to wait the full ninety days for his step three responses, and the complaint was dismissed for failure to exhaust administrative remedies. Likewise, in *Brady v. Alvarado*, No. 2:09-CV-13365, 2010 WL 2181489 (E.D. Mich.2010) at *10, the court chose not to address the timeliness of the step one grievance responses because the issue arose after the plaintiff pre-empted the grievance process by filing his lawsuit before the response date for the step one grievances had passed.

The same reasoning applies here. Plaintiff pre-empted the response date for his step three grievances when he filed his complaint before the responses to his step three grievances were due. Although Plaintiff ultimately exhausted his administrative remedies, he did so after the above-captioned case was filed. As previously stated, a prisoner may not exhaust administrative remedies during the pendency of the federal suit. *Freeman, supra,* at 645. As a consequence, the Court finds that Defendant's motion for summary judgment, to the extent that it is predicated upon Plaintiff's failure to exhaust administrative remedies prior to commencement of this case, is well-taken.

### **IV.    CONCLUSION**

Because the Plaintiff has failed to timely exhaust his administrative remedies, adjudication on the merits of his claims is unwarranted at this time. For the foregoing reasons, Defendant's motion for summary judgment is DENIED in part, as it relates to judgment on the merits of Plaintiff's excessive force claim, and GRANTED in part, as it relates to Plaintiff's failure to exhaust

administrative remedies prior to filing his federal case.  Accordingly, Plaintiff's sole remaining claim against Defendant is DISMISSED without prejudice.

IT IS SO ORDERED.

    DATE: August 9, 2013

                                                 */s/George J. Limbert*
                                                 GEORGE J. LIMBERT
                                                 UNITED STATES MAGISTRATE JUDGE